## WILSON *vs.* COCHRAN.

A collector, who, upon a sale of land for taxes under the statute of December 10, 1796, has given a deed, with covenants that he has good right to convey, and of general warranty in the form prescribed by that statute, is not personally liable upon those covenants for a failure of the title by reason of errors in the assessment.

COVENANT BROKEN. The declaration alleged that the defendant, November 22, 1821, by his deed, &c., in consideration of two dollars and twenty-six cents, sold and conveyed to the plaintiff a tract of land in New Boston, bounded, &c., to have and to hold, free of incumbrances; and covenanted with the plaintiff that in his capacity of collector of taxes, he, the defendant, had good right to sell and convey in manner aforesaid, and that he would warrant and defend the same against the lawful claims and demands of all persons.

The declaration then alleged a subsequent sale by the plaintiff, with warranty, an action against the grantee, a notice to the defendant to come in and take upon himself the defence, and that the plaintiff had been obliged to pay a large sum, by reason of the failure of the title.

It was admitted upon the trial that the title under the sale by the defendant for taxes had failed, by reason of errors in the assessment of the taxes, and that the plaintiff had paid the value. There was also evidence on the part of the defendant tending to show that the plaintiff was in possession at the time, under a deed which he had taken, knowing that the land had been previously conveyed by his grantor under an agreement by which he might redeem from that conveyance, and that the plaintiff when he received the deed promised to pay the claims of the prior grantee, but that he had neglected so to do, and procured the sale of the land for the taxes, in order to confirm his title.

A verdict was taken for the plaintiff, by consent; judgment to be rendered thereon, or the verdict to be set aside, or judgment entered for the defendant, according to the opinion of this court.

*C. H. Atherton*, for the defendant.

*D. Steele*, for the plaintiff.

PARKER, C. J. The action is founded upon the covenants of good right to convey, and of warranty, in a deed executed by the defendant as collector of taxes, November 22, 1821.

The sale of the land for taxes appears to have been made under the statute of December 10, 1796, and the deed follows the form particularly set forth and prescribed by that statute. *N. H. Laws* (*Ed.* 1815,) 267.

The party having the legal title prior to that sale has asserted that title, and the sale and conveyance by the defendant have failed by reason of errors in the assessment, without any fault on his part.

If the covenants in the defendant's deed are to be regarded as his personal covenants, there is no doubt they are broken, and he must be held liable for *some* damages, and the next question would be respecting the measure of the damages.

There is a great difference of opinion and decision respecting the general rule regulating the damages in an action upon a covenant of warranty. Some cases hold the rule to be, that the plaintiff is entitled to recover the value of the property at the time of the sale, determined by the consideration paid ; others, that the true measure of the damages is the value of the property at the time of the eviction. We are not aware of any decision which settles the matter authoritatively in this state, and we do not find it necessary to determine it at this time, because we are of opinion that the defendant is not personally responsible upon the covenants in this case.

It seems to be settled that if persons, acting *in alieno jure,* voluntarily enter into covenants, no principal being bound, the party making the covenant will be bound personally : as in the case of executors, administrators and guardians.

But this case is not within that rule, as the defendant has not voluntarily entered into these covenants, except so far as he may voluntarily have taken the office of collector. Having accepted the office, and made the sale for the payment of the taxes assessed, so far as it appears, in the regular performance of his duty, the statute gave him no option as to the form of the conveyance to be executed in pursuance of the sale. It may be regarded as somewhat strange that the law should have required covenants, when the object to be attained does not seem to demand them. But, although required to be inserted in the form of a personal covenant, we are of opinion that it could not have been the intention of the legislature that the collector should be personally chargeable upon them for the full value of the land sold, nor even for the amount of the consideration. The collector is a public officer, and the greater portion of the consideration goes

into the public treasury. That the officer, for the small pittance of fees which falls to his share, should be required to take all the responsibility of the title, would be exceeding strange. But the covenant as it stands is a general covenant of warranty against the claims of all persons; and, if held to be a warranty against defects in the assessment, must also extend to all other defects in the title through which the purchaser might be evicted.

The fact that the deed commences with a description of the grantor as collector, negatives the supposition that he is to assume such a responsibility. It is the deed of a public officer, made in his public capacity. The covenants are not personal but official, and the action must fail.

The case of *Gibson* vs. *Mussey*, 11 *Vermont R.* 212, is directly in point. Mr. Justice *Redfield* there says, " it is believed that no case can be found where a public officer is required to execute a contract in a specified form, and does so execute it, that he has been holden liable on any express promise or covenant therein contained."

It may be remarked, not, however, as affecting this case, that the form of a collector's deed, as provided by the statute of July 4, 1829, *N. H. Laws* (*Ed.* 1830,) 567, contains a covenant merely for the correctness and regularity of his own proceedings.

*Judgment for the defendant.*