# COOS.

## DECEMBER TERM, 1850.

---

## STEPHENSON, Adm'r. *v.* WEEKS.

Where a sheriff, upon the sale of land for taxes in an unorganized township, executed a deed thereof, with covenants of good right and lawful authority to sell and convey, and of general warranty, in the form provided by the statute, and the title of the purchaser failed, by reason of errors in the proceedings adopted in making the sale, — it was *held*, that he was not personally liable in an action founded upon those covenants, for such failure of title.

COVENANT BROKEN. The writ was dated April 20th, 1846. The plaintiff alleged, in two counts in his declaration, that the defendant, as sheriff of the County of Coos, having sold to the plaintiff's intestate, at two several sales, for the payment of taxes assessed thereon, a certain tract of land, in the township of Cambridge, in this County, estimated at twenty-three thousand acres, afterwards, on the 27th day of January, 1825, and on the 22d day of January, 1827, respectively, the said lands not having been redeemed, for the consideration of $48.69, made and executed his two several deeds thereof to Thomas Carlisle, the plaintiff's intestate, in each of which the defendant, in his said capacity, covenanted with the plaintiff's intestate, his heirs, and assigns, that he had, in his said capacity, good right and lawful authority to sell and convey the same, in the manner aforesaid, and that he would warrant, and defend the same to him, his heirs, and assigns, against the lawful claims and demands of all persons whomsoever. It was farther alleged, that afterwards, said Carlisle entered upon said premises by his servant, A. Chandler, and that an action of trespass was subsequently com-

22*

menced by the proprietors of Cambridge, against said Chandler, for entering upon said premises, and cutting and carrying away pine timber, and that said Carlisle took upon himself the defence of said action, and that it was determined by the judgment of the Superior Court, that said Carlisle had no title thereto, by reason of said deeds, but that the title still remained in the Proprietors of Cambridge ; and so the defendant had not good right and lawful authority, to sell and convey in the manner aforesaid, and that the said Carlisle could not possess and enjoy the premises according to the defendant's covenants, aforesaid ; and so the said defendant had not kept his covenants aforesaid, but had broken the same.

At the trial, the sale of the lands for taxes was admitted, and also the execution of the deeds aforesaid. It was farther admitted, that on the 1st day of April, 1829, the proprietors of Cambridge brought their action against said Chandler, to recover damages against him, for an entry by him upon the lands conveyed by said deeds, the said Chandler having entered upon them under the plaintiff's intestate, under the title acquired by the aforesaid conveyances of the defendant, — that the action was duly entered in the Superior Court, for this County, and, at the July term, 1833, judgment was rendered for the plaintiffs in said action, upon their original title, acquired by their original charter, dated May 13, 1773. Moreover, it appeared upon the trial of said action, that the aforesaid sales were under the act of December 10, 1796, the town of Cambridge at the date of the assessment of said taxes and of said sales, being an unorganized town. Whereas, by the judgment of said Court, it was determined, that the sales should have been made, according to the provisions of the act of February 11, 1791, and that, for that cause, the sales were invalid.

*H. A. & W. J. Bellows,* for the plaintiff. The covenant of good right to convey, is like the covenant of seizin, and if broken at all, is broken at the time of the conveyance, as soon as it is made. Minot's Dig. 187, Covenant Real, § 8.

These covenants are equivalent to a covenant that the grantor

Stephenson v. Weeks.

and assessors had observed all the requirements of the law, and that the grantor had a good right to convey.

As he had not such right, his covenant was broken as soon as made, and the plaintiff's intestate had a right of action.

The covenant of seizin, right to convey, and that the grantor is the lawful owner, are synonymous. *Willard* v. *Twitchell*, 1 N. H. Rep. 178; *Slater* v. *Rawson*, 1 Met. 456. They do not run with the land, but are personal. 4 Kent's Com. 471; *Haynes* v. *Stevens*, 11 N. H. Rep. 28.

And so in respect to the covenants of warranty; if the grantor at the time of the conveyance had no seizin, by right or by wrong, nothing passed by the deeds, and therefore a subsequent conveyance by the grantee, would not transfer the covenants,—or, in other words, where nothing passes by the deeds, the covenants of warranty do not follow the conveyance. *Slater* v. *Rawson*, 1 Met. 456; 2 Greenl. Ev. 196, and cases cited; *Spencers case*, 5 Co. 16; Platt on Covenants, 63; *Norman* v. *Wells*, 17 Wend. 136; 4 Kent's Com. 473.

In this case, the grantor having no seizin, the covenant of warranty was merely a personal covenant, and the plaintiff's intestate alone could sue.

The date of the oldest deed was January 27th, 1825, and the date of the writ being April 20th, 1846, it would be presumed that the covenant of good right to convey has been satisfied, but no such presumption exists in respect to the covenant of warranty, the ouster having been in 1833.

The other deed, bearing date January 22d, 1827, is not affected in respect to any of the covenants, by the presumption from lapse of time, nothing short of twenty years being sufficient, when the lapse of time alone is relied on. It was so held in *Johnson & a.* v. *Bemis*, in Grafton County. The same doctrine is found in Matthews on Presumptive Evidence, 380, and cases cited. See also, *Bartlett* v. *Bartlett*, 9 N. H. Rep. 398; *Hopkinton* v. *Springfield*, 12 N. H. Rep. 328. When the period is less than twenty years, and other circumstances are relied on, it is a question for the jury.

The statute of limitations does not apply. By the law of June

---
---

30th, 1825, Ed. of N. H. Laws, 1829, the limitations applied to " all actions of debt, grounded upon any lending, or contract, not under seal." *Mahurin* v. *Bickford,* 8 N. H. Rep. 56.

The Rev. Stat., chap. 181, § 5, provide that actions of debt, founded upon any judgment or recognizance, or upon any contract under seal, may be brought within twenty years after the cause of action accrued, and not afterwards.

As to the rule of damages. The covenant of warranty is full and explicit, and, so far as appears, fairly entered into, and the ouster proved. There is nothing, in the nature of the case, to make it improbable that the legislature used the words in the warranty in the deeds, in their ordinary and well settled signification, and intended that the same should be of binding force.

Under these circumstances, we contend that the defendant is liable for the value of the land, at the time of the eviction.

*Williams, Fletcher, Heywood,* and *Hibbard,* for the defendant. This is an action of covenant broken. There are two covenants in each of the two deeds declared on, to wit, a covenant that the defendant has good right, in his capacity as sheriff, to sell and convey, and a covenant of warranty.

The first covenant is in the nature of a covenant of seizin, and was broken as soon as it was made. But was it a covenant that ran with the land, or, upon its being broken, was it a chose in action, and not assignable? *Kingdon* v. *Nottle,* 4 M. & S. 53; *Ela* v. *Card,* 2 N. H. Rep. 178.

We are, however, quite clear, that when the deed was made, this covenant was broken once for all, and became a chose in action, not assignable. *Haynes* v. *Stevens,* 11 N. H. Rep. 28; 4 Kent's Com. 459.

The measure of damages, for the breach of the covenant, is the purchase-money and interest. *Moody* v. *Leavitt,* 2 N. H. Rep. 174; *Ela* v. *Card,* 2 Ib. 178; *Pitcher* v. *Livingston,* 4 Johns. Rep. 1; *Bennet* v. *Jenkins,* 13 Ib. 50; *Catlin* v. *Hurlburt,* 3 Vt. Rep. 403.

But the defendant is not liable on this covenant. It was made by him as sheriff. It was not voluntary, being required by the

statute then in force, (Stat. of 1815, page 267.) It does not constitute a contract. It would make him liable for the acts of others, over whom he had no control. His only liability is to an action on the case. *Gibson* v. *Mussey,* 11 Vt. Rep. 212. The suit is barred by the statute of limitations. Rev. Stat. ch. 182, § 4. The action is barred by the presumption arising from the lapse of time. *Bartlett* v. *Bartlett,* 9 N. H. Rep. 398.

WOODS, J. Several points of law, of some importance, if not of very great difficulty, are presented for the consideration of the court, by the facts of the case and the arguments of counsel, which, however, it is unnecessary now to determine. An attentive, and careful consideration of the case, has brought us to the conclusion, that a single question, only, is necessary to be decided, in order to bring this important controversy to a legitimate and final determination. That the plaintiff has sustained damages, for which the defendant must respond, provided the covenants specified in his deeds of conveyance and set forth in the declaration, are of any binding force upon him, as personal contracts, is a matter admitting of no doubt. No doubt can be entertained, that the scope of the covenants under consideration, is sufficient to embrace the defect in the proceedings, from which the failure of title in the present case resulted. They in fact, extend to, and cover every defect of title whatsover.

The question, which we propose to consider and decide, is, whether those covenants are to be regarded as personal, voluntary covenants, and binding upon the defendant, or as being merely involuntary official undertakings, prescribed by statute, and, for that cause only, entered into; and neither required by the statute, nor entered into by the defendant, with any purpose of personal obligation on his part?

It has already been decided in this State, that a collector of taxes, who, upon a sale of land for taxes under the act of December 10, 1796, has executed a deed, with covenants of good right and lawful authority to sell and convey, and of general warranty, in the form prescribed by that statute, is not personally liable upon those covenants, upon a failure of the title con-

veyed, by reason of errors in the assessment. *Wilson* v. *Cochran*, 14 N. H. Rep. 397. The opinion, in that case, proceeds upon the ground that the deed is that of a public officer, made in his public and official capacity, and that the covenants are not personal, but official; that they are not to be regarded as entered into voluntarily, since the statute gives the collector no option as to the form of the conveyance to be executed in pursuance of a sale, and the legislature could not be supposed to have intended, that, by the insertion of such covenants in the deed, the collector should be personally chargeable, either for the value of the land, or the amount of the consideration, most of which by law goes into the public treasury.

This precise question arose and was decided in the same manner and upon like considerations, by the Supreme Court of the State of Vermont. *Gibson* v. *Mussey*, 11 Vt. Rep. 212. It was there holden, that the covenants were official, and not personal contracts, and that the same being entered into, not voluntarily, but merely in accordance with the form prescribed by the statutes, it was never the intention of the legislature, that the same should have the binding force of a voluntary, legal obligation upon the officer executing the deeds containing them.

The language of the covenants most distinctly shows their character and purpose to be official, and not personal. The undertaking is expressly in the official capacity of the party executing the deed. If we look, then, to the intention of the parties, we find no personal obligation resting upon the officer. And so it should be. No prudent man, worthy to hold the office of collector of taxes, or sheriff, charged with that duty, would consent to become such public agent, if he were thereby to be made personally responsible to the extent claimed, and subjected to such disastrous consequences, as would be likely to flow from a mere error of judgment, in the discharge of the nice and difficult public duty imposed, and which human foresight could scarcely avoid. And we think this conclusion is most fully warranted, by an examination of the case, and a consideration of the difficulties encountered by the counsel and the court, in arriving at the result, out of which grew the present controversy.

Although, from the admitted ability and learning of the Chief Justice, who delivered the judgment of the court, the opinion, in that case, was probably correct; yet it cannot be doubted upon a careful consideration of the arguments of the distinguished counsel in that cause, on behalf of the defendant, that various strong and cogent reasons did exist in support of a different decision. *Proprietors of Cambridge* v. *Chandler*, 6 N. H. Rep. 271.

We are clearly of the opinion that the decision in *Wilson* v. *Cockran* rests upon a solid foundation, is consonant with sound policy and justice, and in accordance with the well settled principle of law, that the contracts of a public officer, entered into in the line of his duty, and by legal authority, are public acts, and not personal, and of no binding obligation as against the officer himself. *Hodgson* v. *Dexter*, 1 Cranch's Rep. 345; *Mackbeth* v. *Haldimand*, 1 Term. Rep. 172; *Unwin* v. *Wolseley*, Ib. 674.

In the case under consideration, the defective title resulted from an error in the proceedings of the defendant himself. The sale was made under the act of December 10, 1796, whereas it should have been made in accordance with the provisions of the statute of February 11, 1791. The error complained of, then, occurred in the proceedings of the defendant himself. It cannot be doubted, that it would ordinarily be more reasonable to hold an officer liable by law for his own errors, than for the errors of others. Yet we are clearly of the opinion, that, in the present case, that fact can make no difference in the legal result, in regard to his liability.

The principle established by the cases, and upon which alone the decisions in this State and in Vermont rest, or can properly be sustained, namely, that the covenants are official, and not personal contracts, and, upon that ground, not personally obligatory, is equally applicable in the one case, as in the other. If the principle be adopted, that the contracts being entered into officially by the requirements of the statute, are, for that reason, not of the binding force of a legal voluntary contract, we think its application must be general, and reach as well the case where the fault is that of the officer himself as of another.

The official and public character of the contracts, growing out

Stephenson *v.* Weeks.

of the covenants, is not changed to private and personal for the reason that the error, for which the officer is attempted to be made responsible, was committed by himself. The entering into the covenants, is neither more nor less an official act for that cause. That fact does not, and cannot in any manner, that we perceive, give character to the covenants, rendering them either more or less binding as contracts, nor furnish a remedy for the injury sustained through the operation of the covenants in the deed. If an injury be sustained in the case of a collector, or a sheriff, in discharging the duties of a collector of taxes, as is alleged in the present case, redress must be sought in some other mode, than by force of covenants merely official, and entered into, in accordance with, and by force of a statute, and constituting, and intended only, as a part of the form of the conveyance, prescribed by the legislature, to be made in pursuance of a tax sale.

The opinion of the Court, therefore, is, that there must be,

*Judgment for the defendant.*